STATE OF MINNESOTA *vs.* EMIL MUNCH.

July 22, 1875.

**Indictment—Title of District Court.**—The number of the judicial district is no part of the title of the district court, and, if erroneously given, may be rejected.

**Same—Erroneous Designation of Offence.**—An inaccurate designation of the offence charged in an indictment does not vitiate it if the act or omission specified shows the offence.

**Same—Omission of Word "Year."**—The words "one thousand eight hundred and seventy-one," immediately after the month and day of the month in an indictment, sufficiently indicate the time of the commission of the offence, though the word "year" be not used.

**Conversion of Money of the State by a Public Officer made a Felony by the Constitution.**—By ¿ 12, art. 9, of the constitution, the conversion to his own use, or loaning, depositing in banks, or exchanging for other funds, of any portion of the funds of the state, without authority of the legislature, by any officer, or other person, charged with the safe-keeping, transfer, or disbursement, of the same, is the crime of embezzlement and a felony, without any further legislation.

**Refusal by Public Officer to Pay over the State Funds.**—It was competent for the legislature to declare the improper neglect or refusal to pay over the state funds, according to the provisions of law, embezzlement.

**Indictment against State Treasurer for Embezzlement—Description of Moneys Embezzled.**—An indictment against a state treasurer for embezzlement of state funds need not state the character or amounts of the various funds embezzled, nor that the same is unknown to the grand jury.

**Same—Averment of Defendant's Official Character.**—What allegations in an indictment sufficiently indicate the official character of the defendant, considered, and the indictment *held* sufficient in this respect.

**Same—Indictment Held Insufficient for Want of Averment of Demand.**—An indictment against a state treasurer for embezzlement of state funds, which charges only that the defendant did "fraudulently, unlawfully and feloniously embezzle the same *by wholly neglecting to account therefor, and to pay over the same, or any part thereof, to his said successor in office,* according to law, and did then and there *thereby convert the same to his own use,*" is insufficient, because it does not allege that any demand for the funds was made upon him by the successor in office.

The defendant was arraigned in the district court for Ramsey county, which constitutes the *second* judicial district, upon two indictments, each entitled, "State of Min-

nesota, County of Ramsey, District Court, *First* Judicial District.''

The first indictment is as follows:

'' Emil Munch is accused, by the grand jury of the county of Ramsey and state of Minnesota, by this indictment, of the crime of embezzlement of public money, exceeding in amount the sum of one hundred thousand dollars, committed as follows: The said Emil Munch, on the fifth day of July, one thousand eight hundred and seventy-one, at the city of St. Paul, in said county of Ramsey, being then and there a person employed in the public service of the said state of Minnesota as treasurer of said state, and entrusted and charged as such officer with the safe-keeping, transfer and disbursement of public moneys belonging to said state, and having then and there, by virtue of his said office and employment as such state treasurer, in his possession, custody and control divers large sums of money and public funds of various kinds, character and denominations to the jury unknown, amounting in the aggregate to a sum exceeding in amount and value the sum of one hundred and fifty thousand dollars, the then property of, and belonging to, the said state, and the same being then and there entrusted to him as such state treasurer, by virtue of such his office, for safe-keeping, transfer and disbursement, did then and there, while so entrusted with the same, fraudulently, unlawfully and feloniously convert to his own use, by then and there feloniously applying and disposing of the same to his own use and benefit, and embezzle, certain portions of said moneys, so belonging to the said state, of the value and to an amount exceeding the sum of one hundred dollars, to wit, one hundred thousand dollars thereof, consisting of certain gold and silver coins, bank bills, national currency, and other money of various kinds, character and denominations to the grand jury unknown, and therefore unable by the said grand jury more particularly to be specified and described, contrary to the form of the stat-

utes in such case made and provided, and against the peace and dignity of the state of Minnesota.''

The second indictment is as follows :

'' Emil Munch is accused by the grand jury of the county of Ramsey and state of Minnesota, by this indictment, of the crime of embezzlement of public money, exceeding in amount the sum of one hundred dollars, committed as follows : The said Emil Munch, during the years one thousand eight hundred and seventy and one thousand eight hundred and seventy-one, was treasurer of the state of Minnesota, and continued to hold such office until the first day of January, A. D. one thousand eight hundred and seventy-two, when one William Seeger, his duly elected and qualified successor in office, became such state treasurer, and entered upon the discharge of the duties of said office ; that said Emil Munch, as such state treasurer, and while he so held said office, was charged and entrusted, by virtue of such his said office, with the collection, safe-keeping, transfer and disbursement of all public moneys and funds belonging to the said state of Minnesota and paid into the treasury of said state, and it became and was his duty, as such officer, to account for all moneys so received by him, as such treasurer, and paid into the treasury of said state, and to pay over to his successor in office the balance of all such moneys so received into the said treasury and not paid out therefrom pursuant to some appropriation by law ; that, during the time said Munch was such treasurer, as aforesaid, large sums of money were received into the treasury of said state, the property of said state, to wit, over two hundred thousand dollars in value and amount, one hundred thousand dollars of which the said Emil Munch, on the said first day of January, one thousand eight hundred and seventy-two, when he surrendered up his said office to his said successor in office, had the then possession, safe-keeping, custody and control of, as such state treasurer, and by virtue of his said office ; and

having then and there, to wit, on the day last aforesaid, and at said city of St. Paul, in said Ramsey county, such possession, custody and control of said sum of one hundred thousand dollars of money, consisting of divers gold and silver coins, national currency, and other money, of kind, character and denominations to the jury unknown, and hence unable more particularly to be described, so belonging to, and the property of, said state, he, the said Emil Munch, did then and there, to wit, at the time and place last aforesaid mentioned, fraudulently, unlawfully and feloniously embezzle the same by wholly neglecting to account therefor, and to pay over the same, or any part thereof, to his said successor in office, according to law, and did then and there thereby feloniously convert the same to his own use, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Minnesota.''

To each indictment the defendant demurred, and the cases were thereupon certified by *Wilkin*, J., to this court.

*E. C. Palmer* and *H. J. Horn*, for defendant.

*Geo. P. Wilson*, Attorney General, and *C. D. O'Brien*, for the State.

GILFILLAN, C. J.　To sustain the demurrers to these two indictments, it is claimed that the name of the court is not properly specified. The indictments are entitled, '' State of Minnesota, Ramsey County, District Court, First Judicial District.'' The defect alleged is in the designation of '' first '' instead of '' second '' judicial district. The number of the district is no part of the title of the court, for in the only instances in which the statutes formally name the court the number of the district is not used. Gen. St. ch. 107, § 53; ch. 108, § 2; ch. 109, § 6. When used it is only surplusage, and may be rejected.

The general designation of the offence, in the commencement of the indictments, is '' embezzlement of public money exceeding in amount the sum of one hundred dollars.'' It

is objected that there is no such offence as embezzlement of " public" money. The word " public" may be treated as surplusage. The real charge is that set forth in the statement of the act or omission constituting the offence, and the name given to the offence is only formal; and, although the general designation of the offence be incorrect, if the act or omission stated show an offence the indictment is sufficient under Gen. St. ch. 108, § 10, for the mistake in the name given the offence cannot prejudice the defendant.

In the first of these indictments the time is stated as " the fifth day of July, one thousand eight hundred and seventy-one." It is objected that, the word " year" not being used, the words " one thousand eight hundred and seventy-one" do not indicate the time.

An indictment must set forth the offence in " ordinary and concise language," and the meaning which, in ordinary use, attaches to words not technical will be given to them in an indictment. Can any one doubt that, wherever used, in statutes, contracts, or elsewhere, such words as " one thousand eight hundred and seventy-one," immediately following the month and day of the month, ordinarily mean the year, though the word " year" is not used? The year is expressed in the same way in § 7, art. 5, of the constitution, twice; in § 10, art. 9, once; in § 16 of the schedule to the constitution, once; in the amendment to § 7, art. 5, three times; in the act admitting Minnesota into the Union, three times; and the session laws are full of similar instances. Certainly, words which, in the constitution, in statutes, in contracts, and everywhere else, are sufficient to denote the time of any event are sufficient in an indictment.

Section 12, art. 9, of the constitution, provides that if any officer or other person, charged with the safe-keeping, transfer and disbursement of the state and school funds, " shall convert to his own use, in any form, or shall loan with or without interest, contrary to law, or shall deposit in banks, or exchange for other funds, any portion of the

funds of the state, every such act shall be adjudged to be an embezzlement of so much of the state funds as shall be thus taken, and shall be declared a felony.'' This defines an offence and its grade, without any act of the legislature. It was inserted in the constitution for the purpose of putting it beyond the power of the legislature to make the acts specified any other than the crime of embezzlement, and a felony; but it does not take away the power of the legislature to provide that other acts shall be criminal. For instance, this section makes the failure to pay over or produce the state or school funds, on demand, not embezzlement *per se*, but only *prima facie* evidence of embezzlement. The statute, Gen. St. ch. 95, § 26, makes an improper neglect or refusal to pay over, according to the provisions of law, embezzlement *per se*. This the legislature have the power to do. A conversion of the funds, or a loan with or without interest, is also declared by this section to be embezzlement, though it was not necessary for any legislation to make it such. Whether reference is had to the constitution or the statute for a definition of the offence, a conversion is embezzlement; by both a loan, though it might not amount to a conversion, is embezzlement; and, by the constitution, a depositing in banks, or exchanging for other funds, though it might not amount to a conversion, is embezzlement.

The exceeding care which the people have taken, in the constitution, to guard the state funds, is manifest from the section we have cited, for it is not only a loan, or deposit, or exchange, amounting to a conversion—as if the officer loaned, or deposited, or exchanged, the funds in his own name—that is prohibited, but a loan, or deposit, or exchange, not amounting to a conversion—as a loan, or deposit, or exchange, in the name of the state—is also made criminal. All discretion as to where, or how, or in what funds, the state moneys shall be kept, is withdrawn from the treasurer, and vested solely in the legislature.

It was not necessary to state in the indictment how the conversion was made. It was sufficient to state a conversion, and, on the trial, to prove acts amounting to it.

It is objected that the indictments are insufficient in the description of the thing embezzled, and that the first is defective in the description of the character in which defendant held it. The description of the thing embezzled is substantially the same in both. That in the first is as follows: " Certain portions of said moneys so belonging to said state, of the value and to an amount exceeding one hundred dollars, to wit, one hundred thousand dollars thereof, consisting of certain gold and silver coins, bank bills, national currency, and other money of various kinds, character and denominations to the grand jury unknown." The words " to the grand jury unknown" refer strictly to the other moneys, etc., and not to the gold and silver coins, bank bills and national currency.

At common law the general rule was that an indictment for embezzlement must state the characters of the various kinds of property embezzled, and the amount and value of each, if known to the grand jury, and, if not known, that the indictment should so state. This rule has been adhered to, in some cases, with a strictness not necessary to the purpose for which it was established, to wit, the proper protection of the rights of the accused. In those cases where, necessarily, the knowledge of the characters, kinds, amounts and values of the respective funds rests solely with the accused, there is no reason, beyond that furnished by authority, for applying the rule. In *People* v. *McKenney*, 10 Mich. 54, a distinction was made as to the applicability of the rule between the case of an indictment against the agent, servant, or clerk, of a private person, and an indictment against a public officer, such as the treasurer of the state. The reasons which the court give for the distinction are unanswerable. They are briefly these: In the case of a private master or principal the acts of the agent, servant,

or clerk, are generally performed under the direct and constant supervision or control of the principal, who, therefore, has, or may at any time have, full and accurate knowledge of the particular sums, and from whom received, and possesses facilities for tracing out the facts while transpiring and recent. But the state treasurer is really the only person who knows, or can know, the kinds and character of the moneys in his custody; and if it were required to state in the indictment, and to prove, the kinds and character of the money embezzled, a prosecution would be impracticable, and the statute punishing the treasurer for embezzlement, in effect, nullified. The court, therefore, held the information (which was against the state treasurer for embezzlement) sufficient, though it did not describe the money embezzled, nor state that its character was unknown, and, as we are satisfied with the reasons given, we follow the decision.

The character in which defendant held the money is not stated with as much certainty as might be wished, or as might be expected, when it is considered how easy it was to state his official position; but we think it may be deemed sufficient in that particular under Gen. St. ch. 108, and especially under sub-div. 7 of § 10 and § 11, which read: *"Seventh,* that the act or the omission charged as the offence is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case.

" Sec. 11. No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon, be affected by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

If it appear from the indictment that the defendant occupied, with respect to the money charged to have been converted, such a relation as that, under the constitution or the statute, the conversion of it by him would be embezzlement,

it is not material in what form of words, or how unskilfully, that relation is expressed. The indictment states that the defendant, " being then and there a person employed in the public service of the state of Minnesota, as treasurer of said state, and entrusted and charged, as such officer, * * * and having then and there, by virtue of his said office and employment, as such state treasurer, * * * and the same being then and there entrusted to him, as such state treasurer, by virtue of such his office," etc. It is true there is not here any direct and explicit averment that the defendant was state treasurer, but it is impossible not to understand from the indictment that such was the fact.

We, therefore, hold that the first of these indictments is sufficient.

The second is defective in matter of substance. In this indictment the act specified as constituting the conversion and embezzlement of the moneys is, " by wholly neglecting to account therefor, and to pay over the same, or any part thereof, to his said successor in office."

The constitution, art. 9, § 12, makes a failure to pay over *on demand*, not embezzlement of itself, but *prima facie* evidence of it. Section 26, ch. 95, makes the improper neglect or refusal to pay over, embezzlement of itself. Section 27 shows what was intended by " improper neglect or refusal to pay over " by providing that " any neglect or refusal by an officer to pay any sum lawfully demanded " shall be an embezzlement. Within the meaning of these sections there is no duty upon an outgoing treasurer to pay over the money and funds in his custody except upon the demand of his successor in office. No demand is alleged in this indictment, and for that reason it fails to show an improper neglect or refusal to pay over, and it is consequently insufficient. The cases will, therefore, be remanded to the district court for further proceedings, according to the views herein expressed.