THE STATE OF NEW JERSEY v. FRANK S. BARTHOLOMEW.

Submitted November 25, 1902—Decided February 24, 1903.

1. An indictment under section 167 of the Crimes act (*Pamph. L.* 1898, *p.* 840), which charges a person holding an office of public trust with the embezzlement of "money, property and securities," as stated disjunctively in the statute, is not bad for duplicity, the rule being that to state in an indictment the successive gradations of statutory offences conjunctively when they are not repugnant is allowable.

2. It is sufficient in such indictment to charge the embezzlement to be of money without specifying any particular coin or valuable security. Value need not be stated except where it is the essence of the offence. *Pamph. L.* 1898, *pp.* 878, 882.

3. Where the defendant was charged as treasurer of the borough of D., instead of collector of D., the latter being his official title, it appearing that under the borough laws the collector was required to act as treasurer of the borough and as such to collect, have, hold and receive all moneys raised by taxation, &c., the indictment was held sufficient, in view of the provision of the Criminal Procedure act which forbids the reversal of a judgment on an indictment for any defect therein except such as may have prejudiced the defendant in maintaining his defence upon the merits.

4. In an indictment for a statutory crime, it is sufficient to charge it in the words of the statute without other statement of facts, when the offence is thereby described without ambiguity or uncertainty.

5. Although the indictment may not show that the grand jury which presented it was held in the county where the venue is made, but if it appear by the caption and the record that the grand jury was empaneled and sworn before the court sitting at the county town, and that afterward it reported the indictment to the same court and was discharged, the indictment will be held good.

6. A single demurrer or plea to two or more separate indictments is irregular and will be stricken out.

7. The motions to quash the indictments in this case, four in number, which were removed into this court by *certiorari*, were denied and the record remitted for trial.

On *certiorari* to the Monmouth Quarter Sessions.

Before Justices DIXON and HENDRICKSON.

For the plaintiff in *certiorari, Thomas P. Fay.*

For the state, *John E. Foster.*

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff in *certiorari* is the defendant below to four different indictments, which have been removed into this court from the Monmouth Quarter Sessions. They charge the defendant with various embezzlements of the moneys and property of the borough of Deal, in said county, while serving in the offices of treasurer or collector of the borough. The plaintiff has demurred to the four indictments by a single demurrer. He has also pleaded to the jurisdiction in the four cases by a single plea. The demurrer and plea are, for this reason, improperly pleaded, and will be stricken out.

The defendant has, however, presented with the reasons filed a motion to quash, which is a statutory method of raising objections to the indictment. *Pamph. L.* 1898, *p.* 881, § 44. In the record these indictments are respectively numbered 1, 2, 3 and 4. I will so refer to them in the opinion.

One of the grounds of invalidity urged against Nos. 1 and 2 is that they are bad for duplicity, in charging three distinct offences, to wit, the embezzlement of "money, property and securities." In section 167 of the Crimes act (*Pamph. L.* 1898, *p.* 840), upon which the indictments are presumably based, the same words appear in the disjunctive form. Where a statute makes two or three distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offence, it has, in many cases, been ruled they may be coupled in one count. *Whart. Cr. Pl. & Pr.* (9th ed.) 251. To state the successive gradations of statutory offences conjunctively, when they are not repugnant, is allowable. *Id.* 162; *State* v. *Price*, 6 *Halst.* 203. There is no repugnancy here. The successive statements of the three classes of property charged to have been embezzled is in the language of the statute, and the embezzlement of anything in any one of these classes constitutes the offence charged. But such a defect, if it existed, would be amendable, under section 34 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 878). *Larison* v. *State*, 20 *Vroom* 256.

After the indictment No. 2 charges the embezzlement of "certain money, properties and securities committed to his keeping as treasurer of the borough of Deal aforesaid," it proceeds as follows: "Viz., the sum of three hundred and eighty-six dollars and nine cents of the value and amount of $386.09, belonging to," &c. This it is contended is faulty as not stating what was embraced in the valuation and as not describing the things embezzled with sufficient certainty. We think the count plainly charges the embezzlement of money, specifying the amount and value thereof, and also property and securities, without stating their value. It is no longer necessary to state value where not of the essence of

the offence. *Criminal Procedure act, Pamph. L.* 1898, p. 878, § 33. It is sufficient, also, to charge the embezzlement to be of money, without specifying any particular coin or valuable security. *Id., p.* 882, § 47.

The indictments numbered 1 and 2 also charge the defendant as "then and there holding an office of trust and profit under the authority of a public corporation existing under the laws of this state, to wit, the office of treasurer of the borough of Deal," &c., and then with the embezzling certain money, &c., "committed to his keeping as such treasurer of the borough of Deal aforesaid." The point is raised that there is no such office of trust and profit as treasurer of the borough of Deal. The borough was incorporated in 1898 (*Pamph. L., p.* 49), subject to the General Borough laws. The Borough acts (*Pamph. L.* 1897, p. 285; *Pamph. L.* 1900, p. 400) provide for the office of collector, and clothe him with the like powers and duties that belong to the collectors of the several townships, and, in addition thereto, it is provided that he shall act as treasurer of said borough, and shall collect, have, hold and receive all moneys raised by taxation, &c. We think the averment that plaintiff was holding an office of trust, profit, &c., to wit, the office of treasurer of the borough of Deal, in view of the statutory language here recited, made it unmistakably clear to the defendant that he was, in fact, charged as holding the office of collector of the borough. And this being so, the indictment in question should not be quashed in view of that provision of the Criminal Procedure act (*Pamph. L.* 1898, p. 915, § 136) which forbids the reversal of judgment on any indictment for any imperfection or defect therein, except such as may have prejudiced the defendant in maintaining his defence upon the merits.

This view finds support in *State* v. *Munch, 22 Minn.* 67. In that case an indictment charging that the defendant being then and there a person employed in the public service of the state as treasurer of the said state and entrusted as such treasurer, &c., while it contained no direct and explicit averment that he was state treasurer, was considered sufficient,

as it was impossible not to understand from the indictment that such was the fact.

Another point raised in the reasons is that indictments 1 and 2 do not show from what source or for what purpose the officer received the money or how the borough became entitled to it. The answer to this is that the statute has defined the crime in question to be complete when such officer shall embezzle any of the money, &c., committed to his keeping, with intent to defraud the state, county, city, borough, &c. And the indictments in this respect follow the exact words of the statute. In an indictment for a statutory crime it is sufficient to charge it in the words of the statute, without a particular statement of the facts and circumstances, when the offence is thereby described without ambiguity and uncertainty. *State* v. *Startup,* 10 *Vroom* 423; *State* v. *Stimson,* 4 *Zab.* 478; *Commonwealth* v. *Welsh,* 7 *Gray* 324.

Embezzlement is a distinct offence of a character well understood, the essential elements of which are not involved in uncertainty, so that the indictments under discussion are clearly within the rule stated. *Goodhue* v. *People,* 94 *Ill.* 37. This answer will apply also to a further point raised that the indictments fail to charge conversion by defendant to his own use. The point is raised as to indictment 3, which is based on section 168 of the Crimes act, that it does not describe the collector as "having taxes to collect," nor show that the money embezzled, &c., was received for taxes. This is unnecessary. The statute referred to does not require it. The words of the statute are to the effect that the collector who shall embezzle, &c., any money received or collected by him for the borough, &c., shall be guilty, &c. Another point is that two offences are charged in the use of the words "embezzle and retain in his hands." This is merely charging in the conjunctive the words that appear disjunctively in the statute. This is not duplicity, as we have already shown. A point is also made that some of these indictments represent a mere duplication of the same charge. They set out, however, the embezzlement of differing amounts on different

dates. And we must assume, looking at the indictments alone, that each charges a distinct offence. Other points are raised as to indictments 3 and 4, but they are either met by what has been already said or are so clearly without substance as to render discussion unnecessary. The point was made against all the indictments that they are defective in not showing that the grand jury was held in the county of Monmouth. The indictments begin: "Monmouth county, to wit, The Grand Inquest of the State of New Jersey, and for the body of the county of Monmouth." This is in accordance with the established form, and, when read in connection with the caption and record of the proceedings, shows the opposite of the proposition suggested. The caption shows that the grand jury was empaneled and sworn at Freehold, in said county of Monmouth, before the Court of Oyer and Terminer of that county, and that it presented these bills later to the same court and was discharged. This justifies the conclusion that the grand jury was held and its indictments found within the county of Monmouth. *Commonwealth* v. *Fisher, 7 Gray* 492; *Smith* v. *State, 28 Tenn. 9.*

The motion to quash is denied. The record will be remitted to the Monmouth Quarter Sessions for trial.