## MARY M. SCHULTZ *vs.* JOHN HADLER.

### September 5, 1888.

**Ejectment—Requisites of Complaint—Averment of Plaintiff's Title.—**
In a complaint in ejectment the plaintiff based her right to recover possession of a tract of land upon an allegation that upon a certain day she "duly made timber-culture entry number 1,723," at a local land-office, "comformably to the first section of the" timber-culture act of 1878, "whereby she became possessed of and entitled to the possession of the land." There was no allegation of ownership in plaintiff. *Held* that, as against a defendant admitted to be in actual possession, said complaint did not state facts sufficient to constitute a cause of action.

Appeal by defendant from an order of the district court for Stevens county, *C. L. Brown,* J., presiding, overruling a demurrer to the complaint.

*S. A. Flaherty,* for appellant.

*Geo. E. Darling,* for respondent.

COLLINS, J. This is an action to recover possession of 160 acres of land in Stevens county. To the complaint a general demurrer was interposed, and order thereafter made overruling the same, from which order defendant appealed. The plaintiff does not aver in the complaint that she is the owner of the land, but bases her right to possession upon the allegation that on October 12, A. D. 1886, she "duly made timber-culture entry number 1,723, at the local land-office of the United States, at Fergus Falls, Minn., and conformably to the first section of the act of congress, * * * whereby she became possessed of and entitled to the possession of" the land in controversy. She also avers a wrongful possession by defendant upon said date and ever since, a demand, and refusal to surrender. The plaintiff urges that by virtue of the terms of section 92, chapter 73, Gen. St. 1878, the complaint is good, and that a *prima facie* title to the land has been pleaded. Section 92 refers to and establishes a rule of evidence, not of pleading, and in no manner aids a complaint which without it would be demurrable. Had the plaintiff alleged ownership of the land, and upon trial introduced a certificate of entry of the character specified by the terms of this section, her right to possession might have been established *prima facie.* But she fails to allege ownership,—which would have been sufficient for a complaint in ejectment; *Pinney* v. *Fridley,* 9 Minn. 23, (34,)—or such other valid or subsisting interest as would entitle her to possession.

The attempt is made in the complaint to set forth in detail the facts by which plaintiff became entitled to the premises; but, following the rule laid down in the case just cited, there is in this effort a manifest failure, for many essentials which plaintiff would have to establish by proof upon trial are omitted from the pleading. Conspicuous among these omissions is an allegation that the certificate of entry contemplated and provided for in the act of congress referred to has been issued, or the one mentioned in section 92, chapter 73, aforesaid, made by the local land-officers. It will also be observed that it is nowhere averred that the entry numbered 1,723 embraced or covered the quarter-section of land described in the complaint.

Order reversed.