SHERWOOD HOUGH, Plaintiff in Error, vs. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RAMSEY, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Under *chap.* 2, *Session Laws* 1857, the Register of Deeds is authorized to procure the books and make the entries required by the act at the expense of his proper county.

Points and authorities of Plaintiff in Error.

1. The facts found by the court below entitle the Plaintiff in error to judgment under the statute, for the amount demanded in the complaint. The judgment below should therefore be reversed. The Plaintiff should have judgment in this court for that amount. *Sess. Laws of* 1857, (*Gen. Sess.*) *ch.* 2, *secs.* 1, 2; *Rev. Stats. of* 1851, *p.* 62, *secs.* 4, 5; *Id.*, *p.* 60, *sec.* 20; *Id.*, *p.* 384, *sec.* 24.

2. The provisions of *sec.* 13, *ch.* 2, of the *Laws of* 1860, (*Sess. Laws of* 1860, *p.* 55,) have no application to this case. No proceedings by the Plaintiff, under that section, were requisite to sustain this action. And even if the Plaintiff was bound to procure, or to attempt to procure, the allowance and payment of his claim, under that section, before commencing his action, the allegation of the refusal of the defendant to pay upon demand is a sufficient pleading in that behalf. And the court below, having found such demand and refusal (the Defendant in fact admitting both), this court will not presume that the demand was not made in the manner prescribed by law.

3. The Defendant in this cause is the County of Ramsey, and the word Defendant or Defendants, wherever it occurs in the record, must be construed to mean the County of Ramsey, and not simply the County Commissioners. It is the County of Ramsey from whom the Plaintiff demanded pay for his services, and it is the

County of Ramsey who refused to pay for the same or any part thereof. *Comp. Stats.*, *p.* 110, *sec.* 259.

4. The Grantor's and Grantee's "Reception Books" are not kept for the convenience or accommodation of any particular person or persons, but are emphatically for the benefit of the public. It is, therefore, eminently just and proper that the public should pay for keeping them, and so the legislature evidently thought. *Sess. Laws of* 1857, *ch.* 2, *sec.* 2.

4. The rate of compensation to the Register of Deeds for keeping these books is not fixed by law. He is therefore entitled to receive from the County so much as his services in this behalf are reasonably worth.

5. The folios for the recording of which the Register of Deeds is entitled to 12½ cents each, under *sec.* 24, *p.* 591, *of the Comp. Stats.*, are the folios of the deed or other instrument recorded—not the folios of writing that may be necessary in these Reception Books; and, besides, this section, as we have previously shown, has no application to the keeping of these Reception Books.

Points and authorities of Defendant.

I. The complaint states no cause of action. The services charged for are to be paid by the party requiring a deed to be recorded, and not by the County.

1. This is the general theory of the law upon the subject.

2. It is unjust to require the public to pay for the accommodations of individuals.

3. This is in accordance with the statute. See *sec.* 24, *p.* 591, *Comp. Stats.*

The amendment of 1857, by providing that Grantor and Grantee Reception Books shall be kept, merely changes the manner of entries. What is done under it, though more ample, is still an "entry," provided for by *section* 24. No injustice is done the Register, for the labor being paid by the folio, he receives increased compensation.

II. It does not appear from the complaint that the Defendant

ever disallowed the Plaintiff's bill or refused to issue an order therefor.

The complaint states that the County Commissioners refused to pay. The Commissioners do not pay bills. They audit them, in certain instances, and after they are audited issue orders therefor, when the condition of the treasury authorizes it to be done.

III. The bill of Plaintiff, if good, was to be audited by the County Auditor, and an order drawn by him upon the treasury.

The County Board had nothing to do with it.

The Auditor had nothing to do with it.

The Auditor audits all fees fixed by law. See sec. 13, of County Auditor Act of 1860; Sess. Laws of 1860, p. 55.

The fee fixed by law is 12½ cents per folio, as provided for in section 24, above referred to—the only dispute being who should pay it, the county or the individual.

BIGELOW & DALRYMPLE, Counsel for Plaintiff in Error.

I. V. D. HEARD, Counsel for Defendant in Error.

By the Court—ATWATER, J.—The Plaintiff in error was Register of Deeds in and for Ramsey County during the years 1860–1, and brought his action to recover compensation for services rendered in that capacity during those years. The cause was tried by the court (a jury trial having been waived), and the facts will sufficiently appear from the finding of the Judge (Hon. E. C. Palmer), which is as follows:

" That from the first day of January, 1860, up to the first day of January, A. D. 1862, the said Plaintiff was the duly elected and qualified Register of Deeds of the County of Ramsey, and during that period duly held said office and performed all the duties thereof.

" That during the time aforesaid the said Plaintiff, under and in pursuance of the requirements of an act of the Legislature of the State of Minnesota, entitled An Act to amend section four, of article two, of chapter eight, of the Revised Statutes, approved March 7, A. D. 1857, did keep the said books in said act and in

said complaint specified, and did make the proper and requisite entries therein.

"I further find, from the testimony introduced on the trial, that the value of the said services of said Plaintiff in keeping said books, and making the entries therein required to be made, for the time aforesaid, was the sum of $907.50 (the sum claimed in the complaint), and that the said Defendants have refused to pay the same or any part thereof.

"That no request was ever made by said Defendants that said Plaintiff would perform said services, nor did they ever promise to pay for the same.

"As conclusions of law I find that the said Defendants are not liable to pay for said services of said Plaintiff the sum of $907.50 or any amount whatever. That *sec. 24, p. 591, Comp. Stats.*, provides a fee for such services proportionate to the actual labor performed. That upon the foregoing facts Defendants are entitled to judgment."

The only question presented on this finding is as to the liability of the Defendant for these services. The Plaintiff bases his claim upon *ch. 2, Sess. Laws of* 1857, *p.* 8, being an act to amend *sec 4, of art.* 2, *of ch.* 8, *of Rev. Stats.* This act made an important change in the duties required of Registers of Deeds. The *first section* particularly specifies those duties, and imposed new and additional labors upon those officers—the change being calculated greatly to promote the public convenience in the examination of the records. *Section* 2 of the act provides as follows, viz.:

"Each and every Register of Deeds is hereby required and empowered forthwith to procure, open and keep the Reception Books provided for in the above section, at the expense of his proper county."

We think the fair construction of this section is that claimed by Plaintiff, and that any other construction makes at least some of the language meaningless. It is unreasonable to suppose that the legislature, by the use of the terms above cited, only intended to charge the County with the expense of "procuring" the books. This was already provided for by *sec.* 20, *ch.* 8, *Rev. Stats., p.* 60,

and the duty of keeping the books was imposed by the *first section of the Act of* 1857. But this act imposed large additional labor upon the Register—labor which is unmistakably referred to by the language, " open and keep the Reception Books provided in the above section," which must mean, shall make the proper entries therein " at the expense of his proper county."

The court below found against the plaintiff on the ground that *sec. 24, Comp. Stats., p. 591,* " provides a fee for such services proportionate to the actual labor performed." It cannot be material to the issue to determine whether the fee prescribed by the statute for these services be proportionate to the labor or not —the question is, What is the compensation and who is to pay it? That section was enacted six years previous to the time when the labor in question was imposed upon the Register, and was adopted with reference to the duties then required of this officer. And it is not to be supposed that the legislature then could have had any knowledge of or reference to the labors here in question ; nor, even if that were possible, that they would have assumed to make the proper compensation for the same. And certainly if they had done so, such action could have had no binding effect on any subsequent legislature.

Nor do we find anything unreasonable in this construction, or see that any injustice is done in holding the County liable for this expense. It is believed that the Defendants are mistaken in the view that these Books are ʰfor the accommodation of the individuals having the instruments recorded. The Register is required to certify upon each instrument the book and page where the same is recorded, so that the individual holding the instrument can always turn at once to the record of the same. But there is scarcely a man in community but has occasion more or less to consult the public records in regard to other property than his own; and especially is this the case in regard to county officers, in transacting public business, and discharging the duties imposed upon them by law. The fact is, that properly kept, public records are a great convenience in the benefit of which almost the whole community share directly or indirectly, and it is difficult to see

wherein it is unreasonable in requiring such records to be kept at the public expense.

But whatever view may be taken of the policy of the provision, we think the intention of the legislature has been clearly expressed, that the County should be made liable for the services performed by Plaintiff, and that this court must be governed thereby.

The judgment below is reversed, and judgment ordered for the Plaintiff.

EMMETT, Chief Justice, dissents.