## CHARLES R. MIMS *vs.* STATE OF MINNESOTA. (1st Case.)

### April 20, 1880.

**Writ of Error—What Errors Reviewable.**—Where, in a criminal case, there has been heard in this court, on the merits, an appeal from an order denying a new trial, upon a subsequent writ of error upon the judgment no error prior to the order denying a new trial can be considered.

**Same—Modification of Sentence.**—Upon writ of error or appeal from a judgment in a criminal case, this court may, instead of reversing or affirming, modify the judgment so as to correct any errors of the court below in ordering or entering it.

**Embezzlement of Public Moneys — Fine—Imprisonment.**— Upon a conviction under Gen. St. 1878, c. 95, §§ 36, 37, for embezzling public moneys, the amount embezzled being $14,614.03, a fine of $29,228.06 is not excessive. Upon conviction under those sections, the court has no power to sentence the defendant to stand committed in prison until the fine imposed is paid.

Term of Imprisonment—Expiration in Winter.—Gen. St. 1878, *c*. 118, § 5,.in regard to punishing by imprisonment, providing " that whenever practicable, the term of imprisonment shall be so fixed that it will expire between the first *day* of April and the first *day* of November," is *only* directory.

Writ of error to the district court for McLeod county. ·

*Davis, O'Brien & Wilson*, for plaintiff in error.

*Geo. P. Wilson*, Attorney General, for the.·State.

GILFILLAN, C. J.   The plaintiff in error, having been convicted in the court below upon an indictment for embezzlement of county funds, made a motion for a new trial, which was denied, and from the order denying it appealed to this court, where the order was affirmed.   (*State* v. *Mims, ante*, p. 190.)   Thereupon the court below entered judgment, sentencing plaintiff in error to be confined at hard labor in the state prison for three years, to pay a fine of $29,228.06, and stand committed in prison until that fine is paid.   Upon this, writ of error is brought.   On this writ no errors occurring prior to the order denying a new trial can be considered.   As to such errors, plaintiff had a hearing, or an opportunity to be heard, on the merits, on his appeal.

Various errors in the sentence are assigned.   The first thing to consider is what this court may do if it find errors in the sentence.   Plaintiff contends that in such case it has no power except to reverse.   Whatever may have been the rule at common law, the statute, though not so precise in its terms as might be wished, evidently intends that this court may, upon appeal or writ of error upon a judgment in a criminal case, · do more than merely to affirm the judgment, or reverse it, and order a new trial or an absolute discharge of the prisoner. The court may, if law and justice require, absolutely affirm or absolutely reverse (without attempting to modify) the judgment.   In such case of affirmance or reversal, Gen. St. 1878, *c*. ·117, § 7, prescribes what the court shall.do :   "If the court affirms the judgment, it shall direct the sentence pronounced to be executed, and the same shall be executed accordingly..

If it reverses the judgment rendered, it shall either direct a new trial, or that the defendant be absolutely discharged, as the case may require." Section 8 makes provision for admitting a party to bail upon appeal or writ of error. Section 9 provides for committing a defendant who, upon his appeal or writ of error, fails to recognize, and proceeds, "and in that case the clerk of the court in which the conviction was had, shall file a certified copy of the record and proceedings in the case in the supreme court, and the court shall have cognizance thereof, and consider and decide the questions of law, and shall render judgment or make such order thereon as law and justice require; and if a new trial is ordered, the cause shall be remanded to the said district court for such new trial."

By its strict terms and punctuation, this may seem to apply only to a case where the defendant fails to recognize; but as there can be no reason why, in such a case, the court shall "consider and decide the questions of law, and shall render judgment or make such order thereon as law and justice require," while in case of defendant recognizing, pursuant to section 8, it shall only affirm or reverse, it must be held that this clause was intended to apply to both sections. This is also evident from the terms of the recognizance provided for by section 8. It must be "for his personal appearance at the supreme court of the next term thereof, and to enter and prosecute his exceptions with effect, and abide the *sentence* thereon." That it gives the supreme court power to determine upon the sentence was taken as undoubted in *State* v. *Bilansky*, 3 Minn. 169 (246.) If the conviction be right, and the judgment and sentence thereon wrong, this court may correct the error by a proper judgment and sentence, or may order it to be corrected in the court below.

In the sentence before us, both the imprisonment and amount of fine were within the power of the court, the latter being double the amount embezzled. As to the amount of the fine, the statute (Gen. St. 1878, *c.* 95, § 37,) is imperative that it shall be twice the amount embezzled. The fine is propor-

tionate, mathematically, to the enormity of the offence. To impose a fine of two hundred dollars for embezzling one hundred, or of two hundred thousand for embezzling one hundred thousand, cannot be regarded as excessive, if it be admitted, as it must be, that the punishment ought to be in proportion to the offence.

Gen. St. 1878, *c*. 118, § 5, provides, in reference to punishment by imprisonment, "that, whenever practicable, the term of imprisonment shall be so fixed that it will expire between the first day of April and the first day of November." It was not so done in this case. We do not construe the term "practicable" as meaning "possible." That would make the statute imperative, for in all, or, at any rate, most cases, it might be possible; but it would certainly, in some cases, deprive the court of the power to inflict punishment adequate to the offence. We think the clause means whenever it may be done consistently with proper punishment for the offence, of which the court below is to judge. It is directory only.

The sentence does not name the date when the term of imprisonment is to commence. In such case the term is computed from the time of the commitment. *Com.* v. *Keniston,* 5 Pick. 420. So far as this sentence directs that the plaintiff in error stand committed in prison until the fine is paid, it is erroneous. The limit of imprisonment for this offence is three years. Gen. St. 1878, *c*. 95, § 37. This statute does not authorize the court to commit the person convicted to prison until the fine be paid. Without statutory authority it cannot be done so as to exceed the limit of imprisonment prescribed by statute.

The judgment and sentence are modified, by reversing that part directing that plaintiff in error stand committed in prison until the fine be paid, and affirming the remainder.