STATE v. JOHN MOORE.[1]

June 13, 1902.

Nos. 13,029—(23).

Forgery—Mortgage and Note.
> The uttering as true of a forged mortgage and a forged note, which
> the mortgage purports to secure, at one time and to the same party, is
> a single act, and constitutes only one offense. A conviction on an indict-
> ment for uttering the mortgage is a bar to a subsequent conviction for
> uttering the note.

Defendant was convicted in the district court for Blue Earth county, Quinn, J., of forgery in the second degree, the crime consisting in uttering a forged note. From the judgment of conviction defendant appealed. Reversed.

*H. L. & J. W. Schmitt* and *Harold Harris*, for appellant.

*W. B. Douglas*, Attorney General, *W. J. Donahower*, Assistant Attorney General, and *S. B. Wilson*, County Attorney, for the State.

START, C. J.

On February 5, 1902, in the district court of the county of Blue Earth, two indictments were returned by the grand jury against the defendant. The first one was for forgery in the first degree, by uttering as true a forged mortgage; and the second one was for forgery in the second degree, by uttering a forged promissory note, which the mortgage purported to secure. He was convicted on the first indictment, and sentenced to imprisonment in the state prison for the term of three years and three months. He appealed from the judgment to this court, which affirmed the conviction. State v. Moore, supra, page 418. Upon his trial on the second indictment he pleaded "Not guilty," and, further, that he had already been convicted of the same offense. In support of the plea of former conviction he offered the record of the proceedings on his trial on the first indictment. The trial court instructed the jury that the evidence was not sufficient to support a finding that the plea was true, for the reason that the charge in the first

[1] Reported in 90 N. W. 787.

indictment, of uttering a forged mortgage, was a different offense from the charge in the second indictment, of uttering a forged note. The evidence established the fact that the defendant had in his possession a forged mortgage, and a forged note, which was described therein, and which the mortgage purported to secure. Thereupon, on the day named, he sold, assigned, and delivered, at the same time, as one act, the mortgage and note to the same party, by a written assignment of the mortgage, in the usual form. The jury returned a verdict to the effect that the defendant was guilty of the crime of forgery in the second degree, as charged in the second indictment. He was then sentenced to imprisonment in the state prison for the term of two years; the term to commence on the termination, for any cause, of the term imposed on the first indictment. He appealed from this judgment.

The record presents for our decision the question whether a person who puts off as true a forged mortgage and note to one person at one time, as one act, can be convicted of more than one offense. It is true that the forging of a note, and a mortgage purporting to secure its payment, are separate offenses. It is also true that if each instrument is separately uttered at a different time, and as a separate act, two offenses are committed, for which the defendant may be prosecuted by separate indictments. Such, however, is not the case here, where there is but a single act. Does such indivisible act constitute two independent and separate crimes? If it does, then there may be a separate prosecution for each crime; but if not, and the act constitutes a single crime, then a conviction based on any part of the act bars any further prosecution based upon the whole or a part of the same act.

Logically it would seem that a single, indivisible act could not constitute two or more separate offenses against the same jurisdiction. There is nevertheless some conflict in the judicial decisions upon the question; but, upon reason and the weight of authority, we hold that the uttering of several forged instruments at the same time and to the same party, as one act, constitutes but one offense. Such a case cannot be distinguished from one where several articles of property belonging to the same person are stolen at the same time. In the latter case there is only one

crime committed, and a prosecution and conviction or acquittal for the larceny of one or more of the articles will bar a subsequent indictment for the larceny of the others, or any of them. 18 Am. & Eng. Enc. (2d Ed.) 531.

The case of State v. Colgate, 31 Kan. 511, 3 Pac. 346, is an instructive one. In that case a mill, including books of account therein belonging to the owner of the mill, was destroyed by one fire. The defendant was prosecuted and acquitted for setting fire to and burning the mill, and it was held that such acquittal was a bar to a subsequent prosecution for setting fire to and burning the books of account. This conclusion was based upon the principle that a single criminal act constitutes but a single offense, which cannot be split into separate parts, and the supposed offender prosecuted for each part, although, if it had been the result of a separate act, it would have constituted a separate offense.

In State v. Benham, 7 Conn. 414, the defendant had in his possession at the same time several forged notes or bills of different banks, with intent to utter them, which were taken from him at one time. It was held that such act constituted but one offense, and that a prosecution and conviction for so having one of the notes in his possession was a bar to a subsequent prosecution for having in his possession any of the others, for, if he had put off the notes to one person at one time, it could not be claimed that he could be convicted of more than one offense.

In Barton v. State, 23 Wis. 587, it was held that the forgery of several drafts precisely alike, except as to the numbers thereon, constituted separate offenses, but if the drafts were all uttered at the same time to the same party, such uttering would be one indivisible act, and constitute a single crime.

The case of State v. Egglesht, 41 Iowa, 574, is directly in point. In that case the defendant passed at one time to the teller of a bank four forged checks, purporting to be drawn by four different parties upon certain banks. He was prosecuted and convicted for uttering one of the checks, and afterwards placed on trial for uttering one of the other checks. He pleaded his conviction in the first case as a bar, to which the state demurred, and the court

sustained the demurrer. The ruling, however, was reversed on appeal; the supreme court holding that the uttering by the defendant of the four drafts at one time to the same party was a single act, and constituted but one offense, and that a conviction for uttering one of the checks was a bar to a conviction upon the others, or any of them.

Our conclusion, based upon principle and authority, is that the uttering as true of a forged mortgage, and a forged note, which the mortgage purports to secure, at one time and to the same party, is a single act, and constitutes only one offense. It follows that the defendant cannot be legally convicted on the second indictment.

It is possible that the evidence to sustain the plea of former conviction was technically incomplete, in that, at the time of the defendant's second trial, judgment had not been actually entered on the verdict in the first case. But very properly the state does not urge the objection, if it be one (see State v. Benham, supra); and it would serve no practical purpose to consider it, for in some way the defendant must be relieved from the judgment in the second case. It is therefore ordered that the judgment appealed from in this case be, and it is hereby, reversed, and the case remanded to the district court, with direction to enter judgment dismissing the indictment in this case.

Judgment reversed.