## CITY OF DULUTH v. MARY NORDIN.[1]

April 1, 1926.

No. 25,149.

**Proof of keeping place for sale of liquor.**

1. A person may be convicted of keeping a place where intoxicating liquor is sold without any direct proof of a sale on the date alleged.

**Acquittal of one offense does not exclude evidence used from trial of another offense.**

2. An acquittal in the trial of one offense cannot exclude the evidence used in that trial from use in the trial of another offense when the same single criminal act is not the basis of both prosecutions.

**What evidence is sufficient to support verdict.**

3. Evidence that liquor purchased was moonshine, potable as a beverage, and was intoxicating was sufficient to sustain the verdict.

Criminal Law 16 C. J. p. 266 n. 56.
Intoxicating Liquors 33 C. J. p. 770 n. 17, 22 New; p. 771 n. 30.

[1]Reported in 208 N. W. 189.

Defendant was convicted in the municipal court of Duluth, Lanners, J., of keeping a place where intoxicating liquor was sold in violation of a city ordinance. She appealed to the district court of St. Louis county, where the conviction was affirmed, Fesler, Magney, Grannis and Kenny, JJ. From the district court she appealed to this court. Affirmed.

*W. F. Dacey*, for appellant.

*John B. Richards* and *Roderick Dunn*, for respondent.

WILSON, C. J.

This is an appeal from an order of the district court affirming an order of the municipal court of Duluth refusing a new trial. Appellant was convicted of keeping a place where intoxicating liquor was sold in violation of a city ordinance.

The offense is charged as of December 27, 1923. The evidence shows actual sales on November 21, 1923, November 27, 1923, and December 21, 1923. On December 31, 1923, officers with a search warrant went into her home and found a small quantity of liquor. The evidence showed that on January 11, 1924, she talked to a witness about selling as soon as a certain event happened. There was other evidence of guilt, but no direct proof of any sale on December 27, 1923. It is claimed that, in the absence of proof of sale on that date, evidence of subsequent acts is inadmissible. This position is not well taken. The charge is keeping a place where liquor is sold. All the evidence was admissible in support of the accusation. State v. Lipman, 163 Minn. 431, 204 N. W. 163; State v. Upson, 162 Minn. 9, 201 N. W. 913; 33 C. J. 760. Time is not a material ingredient of the offense. G. S. 1923, § 10644; State v. Clark, 148 Minn. 389, 182 N. W. 452.

Defendant had been tried and acquitted for running a blind pig on December 21, 1923. Appellant claimed the evidence as to the sale on that date was inadmissible because it put her in jeopardy twice for the same offense. We do not think so. She could not have been put in jeopardy for the crime for which she had been acquitted. She was in jeopardy only for the crime for which she

was on trial. Evidence used in a former trial is competent to show material facts in issue in a subsequent trial. There are many cases where the same act may constitute an element of different crimes. Acquittal in the trial of one offense cannot exclude the evidence used in that trial from use in the trial of another offense. We are not considering cases where the same single criminal act is the basis for both prosecutions as in State v. Moore, 86 Minn. 422, 90 N. W. 787, 61 L. R. A. 819, and State v. Klugherz, 91 Minn. 406, 98 N. W. 99, 1 Ann. Cas. 307.

The evidence is that the liquor purchased was moonshine, that it was potable as a beverage and that it was intoxicating. This is sufficient to sustain the verdict. State v. Tremont, 160 Minn. 314, 200 N. W. 93; State v. Ruddy, 160 Minn. 435, 200 N. W. 631; State v. Miller, supra, page 116.

Affirmed.