## STATE v. B. IVENS.[1]

May 16, 1941.

No. 32,864.

*S. S. Smith,* for appellant.

*R. S. Wiggin,* City Attorney, and *Milton Gershin,* Assistant City Attorney, for the State.

[1]Reported in 298 N. W. 50.

PER CURIAM.

Defendant was arrested for being intoxicated in Minneapolis January 10, 1941. The next morning he pleaded guilty in the municipal court to the charge and was fined five dollars, which he paid. Later a complaint was filed in said court charging that defendant, on January 10, 1941, within the corporate limits of the city of Minneapolis, did then and there willfully, wrongfully, and unlawfully drive and operate a motor vehicle being then and there under the influence of intoxicating liquor contrary to the provisions of the ordinance passed by the city council. When arrested and arraigned he pleaded not guilty and double jeopardy. The plea of double jeopardy was denied and stricken, and he was found guilty as charged and sentenced. He appeals to this court.

The record shows that on Fourteenth street near Fourth avenue south, in Minneapolis, at about six o'clock in the evening of January 10, 1941, a police officer found defendant drunk and placed him under arrest. The next morning in the municipal court he pleaded guilty to being drunk and paid his fine. It also appears that a short time before the police officer arrested defendant, he, defendant, had entered his car, parked at the curb in front of his residence, to drive it to a parking lot in the same block. In moving the car from the curb defendant collided with a car driven by the complaining witness. She summoned the police.

The sole ground of the appeal is that defendant's plea of guilty to the charge of being drunk is a bar to this prosecution on the charge of driving a vehicle when under the influence of intoxicating liquor. The ordinance under which defendant was arrested and sentenced the morning of January 11, 1941, reads:

"Any person who shall be found in a state of open or notorious drunkenness or intoxication, in any street or public place within the limits of the city of Minneapolis, shall on conviction * * * be liable to * * * punishment * * *"

The ordinance which defendant was charged with violating by the complaint filed January 13, 1941, was the street traffic regulation ordinance passed April 8, 1938, providing:

"It is unlawful and punishable as provided in subdivision 'D' of this section for any person who is an habitual user of narcotic drugs, or any person who is under the influence of intoxicating liquors or narcotic drugs to drive any vehicle within this city."

It is apparent that these ordinances denounce different offenses. Public safety in respect to the use of the streets is obviously the chief purpose of the ordinance of 1938. The first mentioned ordinance, in about the same language, has been in force since the city was organized and is to promote and preserve common decency. We think a violation of one is a distinct offense from that of a violation of the other. Had defendant been arrested drunk, seated in his car but not driving it, he could not have been convicted under the ordinance of 1938. We think our own decisions determine that the plea of former jeopardy was properly disposed of. State v. Fredlund, 200 Minn. 44, 273 N. W. 353, 113 A. L. R. 215; State v. Winger, 204 Minn. 164, 282 N. W. 819, 119 A. L. R. 1202. Directly in point is State v. Garcia, 198 Iowa, 744, 200 N. W. 201, and so is Smith v. State, 34 Ga. App. 601, 130 S. E. 219. Defendant relies, among others, on People v. Defoor, 100 Cal. 150, 34 P. 642, and People v. McDaniels, 137 Cal. 192, 69 P. 1006, 59 L. R. A. 578, 92 A. S. R. 81. Those cases and others are discussed in State v. Empey, 65 Utah, 609, 615, 239 P. 25, 27, 44 A. L. R. 558, and this conclusion drawn:

"The holding of the California Supreme Court has always been and now is that, unless the accused could have been legally convicted of the offense with which he is charged in the second complaint or information under the first one, the plea of former jeopardy, former conviction, or acquittal is not available."

The only authority tending to sustain defendant is State v. McLaughlin, 121 Kan. 693, 249 P. 612, cited by the state. It is dis-

tinguished in State v. Axley, 121 Kan. 881, 883, 250 P. 284, 285, where the court said, it "is not like State v. McLaughlin, ante, p. 693, where the act charged in one of two counts was merely an essential ingredient of the offense charged in another." However, having in mind the different purposes of the two ordinances, it cannot correctly be held that a conviction under one bars prosecution under the other. The offense of which defendant was convicted was not one differing in degree from the one to which he had previously pleaded guilty, hence not within State v. Wondra, 114 Minn. 457, 131 N. W. 496, Ann. Cas. 1912C, 667.

The conviction is affirmed.