# STATE v. JOHN WARD.[1]

December 26, 1947.

No. 34,465.

*Martin Friedman,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, and *J. Henry Eliasen,* County Attorney, for the State.

LORING, CHIEF JUSTICE.

Defendant was charged by information with attempting to take beaver at a time when the taking thereof was unlawful. In another

[1]Reported in 30 N. W. (2d) 349.

information he was charged with the unlawful possession of a raw beaver skin. By consent, he was tried on both charges in one trial before the same jury, which acquitted him of the possession of a raw beaver skin, but found him guilty of the attempt to take a beaver.

■ Defendant not only challenges the sufficiency of the evidence to sustain his conviction of the attempt, but contends that the two informations were overlapping and therefore duplicitous. He contends that his acquittal of possession acquitted him of an element of the offense charged in the information alleging the attempt to take; that, consequently, having been in jeopardy under the possession charge, he was in jeopardy under a necessary element of the attempt charge. In short, he contends that the offense of attempting to take could not be committed without committing the unlawful possession. He premises this contention upon the theory that a conviction of attempt is by M. S. A. 631.14 limited to convictions under indictments or informations for the offense attempted. He overlooks § 610.27, which defines an attempt as a distinct crime. See, State v. Miller, 103 Minn. 24, 114 N. W. 88. In the case at bar, the information charged not the offense of taking, but an attempt to take. This did not include the element of possession of the raw skin. Moreover, a raw beaver skin is not a skin on a beaver, but one that has been removed and which should be tagged or sealed if lawfully taken. Neither the evidence introduced nor the issue submitted to the jury related to the skin of the beaver attempted to be trapped. The crimes charged were entirely separate and distinct. The commission of either might be achieved without the commission of any element of the other. Therefore, there was no duplicity or double jeopardy involved. No election by the state was called for.

■ In considering whether the evidence supports the conviction, we must view the credible testimony and the facts proved in their aspects most favorable to the verdict. Since in the case at bar the conviction depends upon circumstantial evidence, the facts so regarded must exclude any reasonable inference of innocence. Late

in April 1946, game wardens were scouting for beaver poachers in Cook county. On the 24th of that month, in the general vicinity of Brule Lake, by following a man's footprints, they found a beaver trap set in shallow water close to the shore of a small lake. This trap was at the end of a trail near a beaver dam. Four wardens returned there early on April 25 and disposed themselves in hiding to wait for the poacher. Between eleven o'clock and noon, defendant came in sight of the watchers and leisurely followed the trail to the place where the trap was set. He removed his packsack at a point about ten feet from the beaver trap and where he could see the trap in which, at that time, was a live beaver splashing in the shallow water. However, he did not touch the trap or the beaver which was struggling in it. He left his pack where he had placed it and walked toward a rock about 25 feet away, near or behind which two of the wardens were hiding. Apparently he started to run away, but one of the wardens grabbed him. He declined to disclose what he was doing in that neighborhood and refused to make any admissions with reference to the trap, but declared he had stayed the night before near Star Lake to the west, although the wardens had seen him approach along the road or trail from the opposite direction. In fact, on the day before, they had followed footprints which led to the trap. While they did not actually fit defendant's shoes into the tracks which they had followed, at least one of the wardens, who helped defendant change socks, observed the similarity of the tracks made by defendant's shoes to those they had been following to the place where the trap was set. In the clothing in the packsack were nails such as are used in stretching beaver skins. The knife in defendant's pack smelled strongly of beaver. In defense, defendant tells an improbable story. Considering his actions and conversation throughout, we are not only convinced that the verdict is supported by the evidence, but that no reasonable inference of innocence can be drawn therefrom. State v. Green, 153 Minn. 127, 189 N. W. 711.

■ The affidavits upon which a new trial was sought on the ground of newly discovered evidence scarcely made a case for the

exercise of judicial discretion. The trial court having denied the motion, we cannot find any basis for reversing it.

Order affirmed.