## STATE v. WILLIAM L. THOMPSON.[1]

January 22, 1954.

No. 36,067.

---

[1]Reported in 62 N. W. (2d) 512.

*Harry H. Peterson* and *Logan O. Scow,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Frank L. King,* County Attorney, for the State.

MATSON, JUSTICE.

Defendant appeals from an order denying his motion for a new trial.

Defendant, a former treasurer of Todd county, by an information filed on March 19, 1951, was charged with committing the crime (M. S. A. 620.01[4] and Minn. Const. art. 9, § 12) of receiving $11,639.42 for the county as a public officer thereof and wilfully omitting and refusing to pay over the same to his successor when the defendant left office *on June 6, 1950.* Proof of the offense was based on evidence of money received by the defendant in his official capacity as county treasurer and of his refusal to turn over the balance which should have existed at the end of his term. On May 29, 1951, he was acquitted of this charge.

On October 8, 1951, the defendant and the deputy treasurer were indicted and charged with the crime (§ 620.03) of receiving $11,639.42 for the county and appropriating said money to their own use on or *about February 1, 1950.* Proof of the offense was based on receipts by the treasurer which showed that at the end of February the treasurer's books should have indicated an "overage" of $11,639.42 whereas in fact the treasurer's books did not show such an overage and the amount was not accounted for. This was the same evidence presented in support of the first charge to prove that the defendant had refused to turn over public money which he had received as treasurer. Defendant herein pleaded not guilty and also pleaded double jeopardy. The court denied defendant's motion for acquittal on the ground of double jeopardy and refused to submit the issue to the jury. On April 8, 1952, defendant was convicted of the charge, and the indictment against the deputy treasurer was then quashed. Defendant's motion for an acquittal notwithstanding the verdict or in the alternative for a new trial was denied, and defendant appeals from the part of the order denying a new trial.

In addition to the primary issue whether defendant was placed in double jeopardy we have alleged errors in the admission of evidence.

■ Was defendant placed twice in jeopardy of punishment for the same offense (Minn. Const. art 1, § 7) because, after he had once

been acquitted on a charge of *having received* $11,639.42 of county funds *and of having omitted and refused to pay the same over* to his successor on June 6, 1950 (pursuant to § 620.01[4]), he was indicted (under § 620.03) and tried on a charge of *having received the same sum* of county money *and of having misappropriated the same* to his own use on or about February 1, 1950? In applying the protective prohibition against double jeopardy—whether pursuant to constitutional provision or statute—it is to be borne in mind that its purpose is not to protect the individual against the peril of a second punishment but to protect him against a second trial for the same offense.[2] The protective doctrine of double jeopardy is nothing more than the declaration of an ancient and well-established *public policy* that no man should be unduly harassed by the state's being permitted to try him for the same offense again and again until the desired result is achieved.[3] Whether a defendant has been placed in double jeopardy turns, therefore, upon whether the offense with which he is charged in the second action is identical with the offense involved in the first action. The offenses are not identical unless they are the same in both *law* and *fact*.[4]

■ Generally speaking[5] in determining whether the offense charged in one criminal action is the same in law and fact as that charged in the second action it may be concluded that an identity of offenses exists when the evidentiary facts essential to support a conviction in one action would be both essential and sufficient, if proved, to sustain a conviction in the other, but, conversely, if the evidentiary facts essential to sustain a conviction in one action are not essential and sufficient to sustain a conviction in the other, no

---

[2]State v. Fredlund, 200 Minn. 44, 273 N. W. 353, 113 A. L. R. 215, and Annotation at 222.

[3]See, 35 Minn. L. Rev. 123 to 128; 24 Minn. L. Rev. 522.

[4]State v. Fredlund, *supra;* 15 Am. Jur., Criminal Law, § 380.

[5]For an amplified statement of the double-jeopardy rule with its various ramifications, see State v. Fredlund, *supra;* 24 Minn. L. Rev. 522; 35 Minn. L. Rev. 123 to 136; 40 Yale L. J. 462. As to application of doctrine of *res judicata* to criminal actions, see Commonwealth v. DiStasio, 297 Mass. 347, 8 N. E. (2d) 923, 113 A. L. R. 1133.

identity of offenses exists and a conviction or an acquittal in the first action will not be a bar to the second even though the offenses charged arise from a single act, transaction, or state of facts.[6] Any substantial (as distinguished from a merely formal or technical) difference between the two offenses *as to the essential facts which must be proved to sustain a conviction* makes such offenses separate and free from the taint of double jeopardy.[7] Evidentiary duplications or differences which do not relate to the essential facts are of no significance.

What facts are essential to each offense obviously can be determined only in the light of the elements which are necessary to constitute the offense.[8] In other words, the essentiality of the facts will not turn upon the accidental inclusion of superfluous allegations in an indictment or information, or upon the introduction of irrelevant evidence, but wholly upon those allegations of fact which must necessarily be proved to establish the constituent elements of the offense charged. It follows that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test of whether they are two separate offenses or only one is whether one of the statutory provisions requires proof of an additional essential fact which the other does not.[9] It must not be overlooked, however, that one of two offenses, as hereinafter more particularly set forth, may be included in its entirety in the other greater offense—that is, greater in the sense that it consists of the former offense plus an

[6]See, City of Duluth v. Nordin, 166 Minn. 466, 208 N. W. 189; 15 Am. Jur., Criminal Law, §§ 380 and 389. The cases of State v. Klugherz, 91 Minn. 406, 98 N. W. 99, and State v. Moore, 86 Minn. 422, 90 N. W. 787, 61 L. R. A. 819, have been explained and distinguished in State v. Fredlund, *supra,* and will not be discussed in this opinion.

[7]State v. Fredlund, *supra;* 15 Am. Jur., Criminal Law, §§ 389 and 392.

[8]State v. Fredlund, *supra;* State v. Ward, 225 Minn. 208, 30 N. W. (2d) 349; 15 Am. Jur., Criminal Law, § 380; 5 Dunnell, Dig. (3 ed.) § 2426; Michener v. United States (8 Cir.) 157 F. (2d) 616.

[9]State v. Fredlund, *supra;* State v. Ivens, 210 Minn. 334, 298 N. W. 50; Morey v. Commonwealth, 108 Mass. 433; 15 Am. Jur., Criminal Law, § 392.

additional element.[10] In summary it may be said that two offenses are identical so that a prosecution for one is a bar to a prosecution for the second:

(1) If the evidentiary facts essential to establish the requisite elements of the offense charged in the second indictment would have been admissible under the first indictment—or information—to establish the elements of the offense charged therein and, *if proved*, would necessarily have resulted in a conviction under the first indictment, or

(2) If the offense charged in the second indictment, with respect to all its essential elements, was included in the greater offense charged in the first indictment and there was a conviction upon such greater offense, or if under the first indictment for the greater offense, there might have been a valid conviction of the second or lesser offense.[11]

In applying these principles to the instant case, it is clear that the offense charged in the information, which was created by § 620.01(4), contains two essential elements; namely, (1) defendant's receipt of county money and (2) defendant's omission and refusal to pay such money over to his successor on June 6, 1950. The offense charged in the subsequent indictment under the provisions of § 620.03 likewise contains two essential elements; namely, (1) defendant's receipt of county money and (2) defendant's misappropriation of such money to his own use on or about February 1, 1950. Although the two offenses charged are identical as to the first element, they are wholly at variance with each other as to the second. The first element in each case requires the proof of the essential fact of defendant's receipt of $11,639.42. The second element of the offense under the information, upon which defendant was acquitted, requires proof of nothing more than the essential fact of defendant having omitted and refused to pay the money over on June 6, 1950. Proof of a *refusal to pay over money* on that date could not possibly

---

[10]See, State v. Fredlund, *supra.*

[11]State v. Fredlund, *supra;* see, 40 Yale L. J. 462 to 469; 24 Minn. L. Rev. 522; 15 Am. Jur., Criminal Law, §§ 386 and 388.

establish the second element under the indictment; namely, that defendant *misappropriated such money to his own use* on or about February 1, 1950. Also, it is to be noted that, if defendant had actually misappropriated money to his own use and had later replaced it with borrowed funds and paid the same over to his successor on June 6, 1950, he would thereby under all circumstances have defeated the prosecution under the information but he would not thereby have cleared himself of the offense of misappropriating funds to his own use. Clearly each offense—aside from the difference in time between February 1 and June 6, 1950—differs fundamentally from the other as to one essential fact which must be proved in each case to sustain a conviction.

This fundamental difference as to one essential fact prevents the offenses from being identical even though such difference rests ultimately upon separate inferences drawn from the same source. Two essential facts may be fundamentally different from each other although both depend for their existence upon separate inferences drawn from the same evidentiary circumstances which happen to surround a single act such as the receipt of county money here with no direct evidence as to what became of the money. The drawing of one factual inference does not preclude the drawing, from the same circumstantial source, of another consistent though different inference.

We find no merger of the two offenses by operation of law or otherwise because pursuant to § 628.27 the state is permitted to prove an embezzlement of money by any evidence of embezzlement within six months next after the time alleged in the indictment. This statute, as pointed out by Mr. Justice Mitchell in State v. Holmes, 65 Minn. 230, 68 N. W. 11, was enacted not only to protect the defendant by limiting the proof of the substantive offense to a definite period after the time alleged in the indictment, but also (in practical recognition of the fact that embezzlement of money by a person in a fiduciary position frequently consists of a series of acts running through a considerable period of time) to make it unnecessary for the state to rely upon proof of a single act of wrongful conduct as constituting the substantive offense. In the light of

the substantial evidentiary difference between the two offenses herein and the purpose of the above enactment, the statutory provision is here of no significance.

It is to be observed that neither offense is contained within the other and that the two offenses do not constitute different degrees of the same crime. Furthermore, it is not to be overlooked that it is within the power of the legislature to provide that a single act shall constitute two distinct and separate legal wrongs or offenses without a prosecution for one being *necessarily* a bar to a prosecution for the other.[12]

4. We have not failed to consider § 610.21 which provides:

"Any *act* or *omission* declared criminal and punishable in different ways by different provisions of law shall be punished under only one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same *act* or *omission* under any other provision." (Italics supplied.)

This statute implements the constitutional provision against double jeopardy (Minn. Const. art 1, § 7) but adds nothing to the scope of the prohibition therein contained. It is apparent that, in using the words *act* and *omission,* the legislature was using them in the restricted and consequential sense of a single and separate offense.

"The term 'act,' * * * is ambiguous, and is often used in a dual sense. The most frequent confusion is between the 'physical act,' or muscular contraction of the defendant and the 'consequence' which results. All too frequently 'act' is a *conclusion* as to the multiplicity or singularity of responsibility, and the discussions of the cases shed little light on the significance of the act itself." 21 Minn. L. Rev. 805, 815.

In State v. Fredlund, 200 Minn. 44, 48, 273 N. W. 353, 355, 113 A. L. R. 215, this court used the words *identical act* as synonymous with *identical offense.* In State ex rel. MacMillen v. Utecht, 221 Minn. 138, 143, 21 N. W. (2d) 239, 242, this court, in rejecting peti-

---

[12]See, State v. Fredlund, *supra;* State v. Winger, 204 Minn. 164, 282 N. W. 819, 119 A. L. R. 1202; 15 Am. Jur., Criminal Law, § 389.

tioner's contention that a second sentence violated § 610.21, held that "It cannot be said that petitioner was twice punished or placed in jeopardy for the *same offense*." (Italics supplied.) [13]

5. Despite § 631.01, which provides that a plea of a former conviction or acquittal of the same offense presents an issue of fact to be tried by the jury, the trial court did not err in withholding the issue of double jeopardy from the jury. Where the record discloses on its face whether the offense charged in the second action is identical with the offense for which the defendant was acquitted or convicted in a prior action, the issue of former jeopardy is one of law for the court and not one of fact for the jury. Short v. United States (4 Cir.) 91 F. (2d) 614, 112 A. L. R. 969; 14 Am. Jur., Criminal Law, § 284. See, State v. Healy, 136 Minn. 264, 161 N. W. 590, L. R. A. 1917D, 726, wherein we held that, where the evidence standing uncontradicted was insufficient in point of law to establish a former acquittal of the same offense, no jury question was involved.

■■■ There was no abuse of discretion in admitting into evidence reports of the examiner for certain years and certain testimony as to acts of check kiting. Evidence of defendant's irregularities by way of depositing county funds without properly reporting their receipt to the county auditor and of kiting of checks, was admissible as tending to show a scheme or plan for the wrongful diversion of county funds. Whether separate offenses are so closely connected with that with which defendant is charged as to show a general scheme or plan, or permit an inference of guilt to be drawn, is a matter resting largely within the discretion of the trial court, and such court will not be reversed unless there is a clear abuse of discretion. State v. Bock, 229 Minn. 449, 455, 39 N. W. (2d) 887, 890. Furthermore, whether evidence, which is otherwise admissible,

[13]We have not failed to consider that § 610.21 was copied from § 677 of the Penal Code of New York adopted in 1881 and construed in People v. Krank, 110 N. Y. 488, 18 N. E. 242. We do not concur in the statutory construction adopted in the Krank case.

should be excluded for remoteness rests largely in the discretion of the trial court.[14]

Since the writing of the majority opinion a dissent has presented certain contentions which will be briefly discussed in the interest of clarity. Apparently the dissent proceeds on the mistaken theory that Minn. Const. art. 9, § 12, designates only a single act or omission as *embezzlement;* namely, the failure to pay over state funds to a successor. The above constitutional provision by its express language provides that *any one* of the following acts; namely, (1) conversion in any manner, (2) loaning of state funds, (3) the depositing of state funds in any bank or with any person except as provided by law, and (4) the exchange of state funds for other funds or property, *shall* constitute *embezzlement.* In State v. Munch, 22 Minn. 67, 72, this court pointed out the purpose of this provision:

"'* * * It was inserted in the constitution for the purpose of putting it beyond the power of the legislature to make the acts specified any other than the crime of embezzlement, and a felony; *but it does not take away the power of the legislature to provide that other acts shall be criminal.* For instance, this section makes the failure to pay over or produce the state or school funds, on demand, not embezzlement *per se,* but only *prima facie* evidence of embezzlement." (Emphasis supplied.)

In other words, the provision that failure to pay over state funds on demand as required by law shall be held to be prima facie evidence of embezzlement relates only to a permissible method of evidentiary proof and in no manner specifies or limits the particular act or acts constituting embezzlement. Clearly the constitution designates, and permits the designation of, acts other than conversion as constituting embezzlement. In State v. Munch, *supra,* this court expressly recognized that any act of conversion or misappropriation to one's own use is of itself embezzlement and that the further act of failure to pay over public funds (even though it

---

[14]Kugling v. Williamson, 231 Minn. 135, 42 N. W. (2d) 534; Frame v. Hohrman, 229 Minn. 468, 39 N. W. (2d) 881.

did not amount to conversion) may by statute be designated as a separate and additional offense of *embezzlement per se.*

It follows that a single act or transaction may contain the essential components of conversion or misappropriation to one's own use and also the essential components of the failure to pay over public funds and that such *conversion* and such *failure to pay over* may validly be designated as separate crimes of embezzlement although the essential elements required to establish each of said crimes, as pointed out in the majority opinion, may be drawn from a common source of evidence. In City of Duluth v. Nordin, 166 Minn. 466, 468, 208 N. W. 189, we pointed out that:

"* * * There are many cases where the same act may constitute an element of different crimes. Acquittal in the trial of one offense cannot exclude the evidence used in that trial from use in the trial of another offense."

The term *proof* as used in the dissent apparently embraces both essential and nonessential evidentiary facts. Properly speaking the term *proof,* as related to a specific offense, refers only to the essential facts by which such offense must be established and is not to be confused with the general mass of evidence from which a variety of factual inferences, both essential and nonessential, may be drawn. This court on more than one occasion has recognized that the same act or transaction may constitute separate offenses and that, although one offense necessarily involves an essential fact not required by the other, the essential facts for both offenses may nevertheless be inferred or drawn from the same evidentiary pool. See, State v. Winger, 204 Minn. 164, 282 N. W. 819, 119 A. L. R. 1202; State v. Ivens, 210 Minn. 334, 298 N. W. 50.

The order of the trial court is affirmed.

Affirmed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that defendant has been subjected to double jeopardy.

Defendant was first tried and acquitted under M. S. A. 620.01, which was enacted under the authority of Minn. Const. art 9, § 12.

See, 2 M. S. A. p. 337; Farmers & M. State Bank v. Consol. School Dist. No. 3, 174 Minn. 286, 219 N. W. 163, 65 A. L. R. 1407. Art. 9, § 12, as originally enacted, provided that "any failure to pay over or produce the state or school funds intrusted to such person, on demand, shall be held and taken to be prima facie evidence of such *embezzlement.*" (Italics supplied.)

Section 620.01, which effectuated this constitutional provision, sets forth *four* methods of proof sufficient to establish the *one* offense defined—misappropriation and falsification of accounts by public officers—in substance a felony. Under the constitutional definition (art. 9, § 12), the offense is synonymous with embezzlement and has been so regarded in all decisions of this court made thereunder (State v. Czizek, 38 Minn. 192, 36 N. W. 457; State v. Ring, 29 Minn. 78, 11 N. W. 233; State v. Baumhager, 28 Minn. 226, 9 N. W. 704; Mims v. State, 26 Minn. 494, 5 N. W. 369; State v. Munch, 22 Minn. 67); and evidence of wilful refusal of a public official to pay over to his successor public funds entrusted to him is sufficient to sustain a conviction therefor. State v. Czizek, 38 Minn. 192, 36 N. W. 457.

But, § 620.03, under which defendant was brought to trial the second time and under which he was convicted, likewise relates to misappropriation of public funds and in substance merely sets forth in statutory form the common-law offense of embezzlement. The proof required to convict under this statute is identical to that required to convict under § 620.01(1) or (4). See majority opinion. It is significant that in the annotations to § 620.03 (40 M. S. A. p. 648) the cases cited are only those in which defendants had been tried under § 620.01, indicating the identity of the two statutes. It is true that § 620.03 is limited in its application to county treasurers; but since defendant here was tried in that capacity under §§ 620.01 and 620.03, this limitation would be of no consequence, in this instance at least.

The conclusion is inescapable that both §§ 620.01 and 620.03 define the crime of embezzlement. Section 620.01(1) fits compactly within the framework of § 620.03. Proof required under § 620.03 is identical to that required under § 620.01(1) or (4). The synonymity of these

two statutory provisions, no doubt, motivated the repeal of § 620.03 at our most recent legislative session. See, L. 1953, c. 362, § 2.

It would follow that, when defendant was first tried under § 620.01, he was tried for embezzlement, and proof thereof was sought to be established under (4). After his acquittal thereunder, it seems clear that he could not have been tried under § 620.01 again, even if it was intended that proof under one of the remaining three subdivisions thereof would establish his guilt. To hold otherwise would effectuate a rule that the state might proceed four times against a single individual for the same offense, with the only justification that it did not use the proper evidence in each of its former endeavors. The four methods of proof under § 620.01 are simply four different ways of establishing the one offense—embezzlement.

But, if the state could not proceed against defendant more than once under § 620.01, then by the same principle it should not be able to move against him for a second trial under § 620.03 where the offense and method of proof are identical to those defined under § 620.01. For these reasons I am of the opinion that the judgment of conviction should be reversed.