STATE v. HERMAN MILLER.[1]

December 13, 1907.

Nos. 15,540—(239).

**Larceny.**

An attempt to commit the crime of larceny is an overt act or acts done with intent to deprive the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, and tending to effect the commission of the crime, but failing to accomplish· it.

**Indictment.**

An indictment which alleges that the complaining witness had on his person a watch, then his property and of the value of $20, and that the defendants feloniously attempted to take and steal it from his person, by placing their hands in his pockets and attempting to take the watch from his person, with the intent then entertained by each of them to deprive him, the true owner, of the watch and to appropriate the same to their own use, such acts of the defendants tending, but failing, to effect the commission of the crime, states facts sufficient to constitute a public offense, namely, an attempt to commit the crime of grand larceny in the second degree.

Herman Miller was convicted in the district court for Hennepin county upon an indictment charging an attempt to commit grand larceny. On the trial defendant objected that the facts alleged in the indictment did not constitute a crime and were not sufficiently definite to inform him of the nature of the crime charged. The objection was overruled by John Day Smith, J., who at the request of the defendant certified to this court the questions enumerated in the opinion. Affirmed and case remanded.

[1] Reported in 114 N. W. 88.

*Edward T. Young,* Attorney General, *Charles S. Jelley,* Assistant Attorney General, and *Al. J. Smith,* County Attorney, for the state. *M. C. Brady* and *Lars M. Rand,* for defendant.

START, C. J.

The defendant was indicted in the district court of the county of Hennepin for an attempt to commit the crime of grand larceny in the second degree, to which he pleaded not guilty. He was found guilty as alleged in the indictment. Thereupon the trial court, pursuant to R. L. 1905, certified to this court three questions:

"First. Are the facts alleged in the indictment in the above-entitled action sufficient to constitute a public offense?

"Second. Are the facts alleged in the indictment sufficient to constitute the crime of an attempt to commit grand larceny in the second degree?

"Third. Are the facts alleged in the indictment in the above-entitled action sufficiently explicit and definite to apprise the defendant of the nature or character of the offense sought to be charged?"

The three questions are subdivisions of one general question, namely: Do the facts alleged in the indictment charge an attempt to commit the crime of grand larceny in the second degree? We answer the question in the affirmative.

The here material allegations of the indictment are these: Herman Miller and Robert Jones on the twenty-third day of June, A. D. 1907, at the city of Minneapolis, in Hennepin county, Minnesota, did feloniously attempt to take, steal, and carry away from the person of one Charles H. Olson all the personal property then and there on his person, being one gold watch, of the value of twenty dollars, by then and there placing their hands into his pockets, and did then and there attempt to take from his person the property described as aforesaid, said property being then and there the property of, in the lawful possession of, and on the person of the said Charles H. Olson, with intent then and there had and entertained by them, the said Herman Miller and Robert Jones, and each of them, to deprive the said Charles H. Olson, the true owner of said property, of his said property, and to appropriate the same to the use of them,

the said Herman Miller and Robert Jones; said acts of the said Herman Miller and Robert Jones tending, but failing, to effect the commission of the crime of grand larceny in the second degree, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Minnesota.

The contention of the defendant is that the statute defining larceny does not make the intent a part of the definition of the crime, while the statute defining an attempt to commit the crime makes the intention an essential element of the crime, which must be alleged, and that the indictment does not allege such intent.

An intent to deprive or defraud the true owner of his property, or of the use and benefit therof, or to appropriate the same to the use of the taker or of any other person, is an essential element of the crime of larceny. R. L. 1905, § 5078. "An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime." R. L. 1905, § 4771. Therefore an attempt to commit the crime of larceny is an overt act or acts done with intent to deprive the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, and tending to effect the commission of the crime but failing to accomplish it; or, in other words, an attempt to commit a crime is an intent to do the acts constituting the crime, coupled with the doing of an act or acts tending, but ineffectual, to consummate the intention. 1 Words & Phrases, 622.

The indictment in this case specifically charges that the complaining witness had on his person a gold watch, then his property and of the value of twenty dollars, and that the defendants feloniously attempted to take and steal it from his person by placing their hands in his pockets and attempting to take the watch from his person, with the intent then entertained by them, and each of them, to deprive him, the true owner, of the watch, and to appropriate the same to their use; such acts of the defendants tending, but failing, to effect the crime of grand larceny in the second degree. It is clear that the indictment alleges every essential fact necessary to constitute an attempt to commit the crime of grand larceny in the second degree. 25 Cyc. 62; 18 Am. & Eng. Enc. (2d Ed.) 527.

We answer each of the questions certified up in the affirmative. The rulings of the trial court are affirmed, and the case remanded for further proceedings.